JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
DOUGLAS A. GREER - State Bar No. 129987
dgreer@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff
CENTURY SURETY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>           Plaintiff,<br><br>     v.<br><br>POPELINO'S TRANSPORTATION, INC. a corporation, JOSE POPELINO, an individual, JOSE BARRAGAN, an individual, POPELINO'S GREEN WASTE RECYCLING, a business entity of unknown form, ROSARIO RIOS, an individual, JUSTICE CUTS D/B/A RECYCLING AND RECOVERY, a corporation, RICHARD BOYD, an individual, and ELISA BOYD, an individual<br><br>           Defendants. | Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION |

Comes now plaintiff Century Surety Company ("Century"), pursuant to Federal Rules of Civil Procedure Rule 57 and 28 U.S.C. § 2201, and alleges against defendants as follows:

## **JURISDICTION**

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

1

2. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b)(1) and (2) because defendants reside in the Central District of California and/or the insurance policy transactions here at issue took place in this District.

3. The causes of action for declaratory relief are brought pursuant to 28 U.S.C. § 2201(a).

4. At all times relevant hereto, plaintiff Century was and is a corporation organized and existing under the laws of the State of Ohio and having its principal place of business in Southfield, Michigan, and is authorized to do business in the State of California.

5. Century is informed and believes and thereon alleges that defendant Popelino's Transportation, Inc. ("Transportation") is a corporation organized and existing under the laws of the State of California and having its principal place of business in the State of California.

6. Century is informed and believes and thereon alleges that defendant Jose Popelino ("Popelino") is an individual who resides in the State of California.

7. Century is informed and believes and thereon alleges that defendant Jose Barragan ("Barragan") is an individual who resides in the State of California and is the President of Transportation.

8 Century is informed and believes and thereon alleges that defendant Popelino's Green Waste Recycling ("GWR") is a business entity of unknown form doing business at 1880 Brown Avenue, Riverside, California. (The "Recycling Facility")

9. Century is informed and believes, and thereon alleges that Defendant Rosario Rios ("Rios") is an individual who resides in the State of California and is the owner of Justice Cuts d/b/a Recycling and Recovery located at 5190 Wilson Street, Riverside CA 92509.

/ / /

/ / /

10. Century is informed and believes and thereon alleges that Defendant Justice Cuts d/b/a Recycling and Recovery ("Justice Cuts") is a California Corporation, with its primary place of business located in the City of Riverside, County of Riverside,

11. Century is informed and believes and thereon alleges that Defendants Richard Boyd and Elisa Boyd are individuals who reside in the State of California and are the owners of a commercial property located at 5190 Wilson Street, Riverside, CA 92509.

12. Century is further informed and believes and thereon alleges that Defendant D&R Woods Enterprise Corp., ("D&R Woods") is a California Corporation, with its primary place of business located in the City of Riverside, County of Riverside, California

13. Century includes Rios, Justice Cuts, Richard Boyd, Elisa Boyd and D& R Woods as nominal defendants in this action to bind them to the Court's determination herein so as to preserve judicial resources and bar any further lawsuit against Century that would seek to re-litigate the same issues addressed in this action.

## GENERAL ALLEGATIONS

14. Century Surety issued CGL policy CCP 904689 to Transportation covering the period from 05/15/20 through 05/15/21. (The "Policy") The Policy provided an 'each occurrence' limit of $1,000,000, subject to a $2,000,000 General Aggregate, with a $500 per claim deductible. The Policy covers the insured's liability for property damage caused by an occurrence and is attached as Exhibit "A".

15. The Declarations show the insured's address as 3661 Hunter Street, Riverside, CA  91752.

16. As the owner of Transportation, Jose Barragan is an insured under the Policy, but only with respect to his duties as the president of the Transportation company.

/ / /

3

[COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF]

17. Plaintiff is informed and believes and thereon alleges that defendant Barragan also is the owner of a six-acre parcel located at 1880 Brown Ave., in Riverside, CA where Barragan operates a separate operation known as Popelino's Green Waste Recycling ("GWR"). Plaintiff is informed and believes Barragan and GWR composts and recycles green wastes at the Recycling Facility.

18. Plaintiff is informed and believes and thereon alleges that defendant Barragan purchased separate general liability coverage for the GWR operations from a different insurer (Kinsale Insurance Company) that was in place at the time of the events described below.

19. The Century Policy's Declaration page shows the Policy was rated based on a Classification Code of "99793" for "Truckers". The premium charged for this coverage was $1,815. Plaintiff is informed and believes and thereon alleges that in applying for the insurance coverage for Transportation neither Barragan nor anyone else acting on behalf disclosed GWR's recycling operations at 1880 Brown Avenue, Riverside, California, or sought coverage for such operations under the Policy. Transportation's Application seeking coverage from Century listed the company's work as "Trucker" and stated that Transportation "operates a trucking company hauling construction building materials."

20. Plaintiff is informed and believes that prior to the issuance of the Policy Barragan told Century's inspector that the insured operates "a construction site debris removal business and also does some dumpster rental" and further assured the inspector that Barragan did not own or operate any other businesses at that time.

21. Because the coverage afforded by the Policy was intended to apply only to Transportation's trucking operations, for which premium was charged, the Century Policy attached endorsement CGL 1711b (12/17) "Classification Limitation Endorsement", which provides in pertinent part:

> "The 'bodily injury' or 'property damage' coverage under this insurance is strictly limited to the classification(s), and codes, listed on the Commercial

General Liability Coverage Declarations page and its endorsements or supplements."

22. In the early morning hours of December 3, 2020, a fire commenced in one of the giant mulch piles used at the GWR Recycling Facility. The fire ultimately spread to a wood pallet storage area and then to offsite properties, including adjacent property owned by Rosario Rios and Justice Cuts. Property belonging to Richard and Elisa Boyd and D&R Woods also allegedly sustained damage from the fire.

23. On March 10, 2021, defendants Rios, Justice Cuts and the Boyds filed suit against (1) Popelino's Transportation, Inc.; (2) Jose Popelino; and (3) Jose Barragan in Riverside County Superior Court (civil action number CVRI2101477) (The *"Rios* action.") The *Rios* complaint alleges that multiple fires have occurred at the Recycling Facility in prior years, and seeks damages for arson, premises liability, inverse condemnation, nuisance and trespass, as well as statutory violations. The complaint seeks the recovery of punitive damages.

24. On April 26, 2021, defendant D&R Woods, the owner of another adjacent property, filed Riverside County Superior Court case No CVRI 2102080, entitled *D& R Woods Enterprise Corp. v. Popelino's Transportation, Inc*. (The "*D&R Woods* action.") The complaint alleges causes of action for negligence, negligence per se, nuisance and trespass against Transportation, and seeks damages for damage to D&R Woods' property, allegedly resulting from the fire originating at the Recycling Facility.

25. The *Rios* and *D&R Woods* actions were tendered to Century for defense and indemnity. Century agreed to defend Transportation, Popelino and Barragan pursuant to a full reservation of rights, including the right to withdraw from the defense of the *Rios* and *D&R Woods* actions and to seek full recoupment from Transportation and/or its officers or directors of any sums Century pays in the defense or indemnification of the corporation, its officers or employees should Century establish the absence of coverage under the Policy. Century further expressly

5

reserved its right under the policy to deny coverage for any award of punitive, treble or exemplary damages, as well as any award of attorney fees or costs.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF
## AS TO DUTY TO DEFEND

(Against All Defendants)

26.   Century incorporates herein the allegations made in paragraphs 1 to 25 above.

27.   An actual controversy has arisen and now exists between Century on the one hand and defendants on the other hand as to Century's rights and obligations under its Policy. Century is informed and believes and on that basis alleges that defendants contend that the claims asserted in the *Rios* and *D&R Woods* actions are covered or potentially covered by the Policy. Century contends there is no potential that the claims alleged in those actions are covered by the Policy and that Century therefore owes no duty to defend Transportation, Popelino, Barragan or GWR.

28.   Century alleges that Transportation applied for a policy of insurance to cover its trucking operations, and Century's policy was rated and issued to cover that precise risk, as indicated on the Declarations page. Transportation's Application seeking coverage from Century listed the company's work as "Trucker" and stated that Transportation "operates a trucking company hauling construction building materials." Century is informed and believes that prior to the issuance of the Policy, Barragan told Century's inspector that the insured operates "a construction site debris removal business and also does some dumpster rental" and further, that Barragan did not own or operate any other businesses at that time. Century is informed and believes that Barragan sought and purchased a general liability insurance policy from Kinsale Insurance Company specifically to cover the GWR operations and that other policy was in place at the time of the fire.

29.   The Policy contains endorsement CGL 1711b (12/17) "Classification Limitation Endorsement", which provides in pertinent part:

6

[COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF]

The 'bodily injury' or 'property damage' coverage under this insurance is strictly limited to the classification(s), and codes, listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements."

30. The Declarations for the Policy makes clear that only Transportation's "trucking" operations were to be covered by the Policy. Century contends the Policy was never intended to extend coverage for Barragan's separate, undisclosed waste recycling operation located on a six-acre parcel at a different site in Riverside.

31. Century is informed and believes and thereon alleges that at no time prior to the issuance of the policy did Transportation or Jose Barragan advise Century or its agents of the existence of "Popelino's Green Waste Recycling" or seek insurance coverage for the six-acre Recycling Facility.

32. Century therefore seeks a declaration of its rights and obligations under its policy with respect to the duty to defend Transportation, Popelino, Barragan or GWR for the *Rios* and *D&R Woods* actions or any subsequently filed actions claiming damages from the December 3, 2020, fire at the GWR site.

## SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF
## AS TO DUTY TO INDEMNIFY

(Against All Defendants)

33. Century incorporates herein the allegations made in paragraphs 1 to 32, above.

34. An actual controversy has arisen and now exists between Century on the one hand and defendants on the other hand as to Century's rights and obligations under its policy. Century is informed and believes and on that basis alleges that defendants contend that the claims asserted in the *Rios* and *D&R Woods* actions are covered by the Century Policy. Century contends there is no potential that the claims alleged in those actions were covered by the Policy and Century therefore owes no duty to indemnify the insureds.

[COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF]

882629.1

35. Century's Policy was issued only to Transportation and was rated based solely upon the insured's trucking operations. The Application Transportation submitted in seeking coverage from Century listed the company's work as "Trucker" and stated that Transportation "operates a trucking company hauling construction building materials." Century is informed and believes that prior to the issuance of the Policy Barragan told Century's inspector that the insured operates "a construction site debris removal business and also does some dumpster rental" and further assured that Barragan did not own or operate any other businesses at that time. At no time prior to the issuance of the policy did Transportation or Barragan advise Century or its agents of the existence of "Popelino's Green Waste Recycling" or seek insurance coverage for the six-acre Recycling Facility.

36. Further, the policy is expressly limited to cover Transportation's trucking operation, as indicated in Endorsement CGL 1711b (12/17).

37. Century therefore seeks a declaration of its rights and obligations under its policy with respect to the duty to indemnify Transportation, Popelino, Barragan or GWR for the *Rios* and *D&R Woods* actions.

## THIRD CAUSE OF ACTION FOR POLICY RESCISSION

(Against All Defendants)

38. Century incorporates herein the allegations made in paragraphs 1 to 37 above.

39. Century is informed and believes and thereon alleges that Transportation and Barragan violated, *inter alia*, California Insurance Code sections 330, 332, and 333 by their misrepresentations during the application process for the Policy. At no time did Transportation or Barragan disclose to Century the existence of GWR or of any waste and recycling operations at the six-acre Recycling Facility. Transportation's Application listed the company's work as "Trucker", and advised that the "Insured operates a trucking company hauling construction building materials."

40. Plaintiff is informed and believes and thereon alleges that prior to the issuance of the Policy Barragan represented to Century's investigator that Transportation operated "a construction site debris removal business and also does some dumpster rental" and further assured Century that Barragan did not own or operate any other businesses at that time.

41. Had the true facts been disclosed, Century would not have agreed to issue the Policy to Transportation for the premium charged, which was based solely on Pepolino's trucking operations. Century did not agree to insure Barragan's separate, six-acre waste and recycling operation. The failure to disclose the existence of GWR for which Transportation now seeks coverage was material pursuant to California Insurance Code sections 334, 359, and 360.

42. Century is therefore entitled to rescind the Policy pursuant to California Insurance Code sections 331 and 359, and California Civil Code sections 1688, 1689, 1691 and 1692, as if the Policy was never issued.

43. Century will return all premiums paid by its insureds for the Policy should this rescission be granted.

## FOURTH CAUSE OF ACTION FOR RECOUPMENT

(Against Transportation, Popelino and Barragan)

44. Century incorporates herein the allegations made in paragraphs 1 to 43 above.

45. Century contends it is entitled to recoup the full amount of the expenses it has incurred or will incur in the defense of Transportation, Barragan, Popelino or GWR in the *Rios* and *D&R Woods* actions because no potential for coverage ever existed, as the policy did not provide coverage for the waste and recycling operations at the GWR recycling facility. *Buss v. Superior Court* (1997) 16 Cal. 4th 35.

46. If Century pays any amounts in settlement on behalf of the insureds or for a judgment against the insureds in the underlying actions, Century's payment will be made pursuant to *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2010). Because

Century is not contractually obligated to make any payment in settlement or for a judgment for uncovered damages under the authority of *Blue Ridge, supra,* Century is entitled to recover the full amount of any such payment, plus interest, from the insureds.

47. Century therefore seeks a declaration requiring Transportation and Barragan to jointly and severally reimburse Century for any payments Century has made in the defense of the *Rios* and *D&R Woods* actions, as well as any payment Century may make in settlement or judgment for claims not covered by its policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On the first cause of action, for a judgment declaring that Century has no obligation under the Policy to defend Transportation, Popelino, Barragan or GWR against the claims asserted in the *Rios* and *D&R Woods* actions or any similar actions arising out of the December 3, 2020, fire.

2. On the second cause of action, for a judgment declaring that Century has no obligation under the Policy to indemnify Transportation, Popelino, Barragan or GWR against the claims asserted in the *Rios and D&R Woods* actions or any similar actions arising out of the December 3, 2020, fire.

3. On the third cause of action, for rescission of the Policy as if it had never issued;

4. On the fourth cause of action, for a judgment declaring that Century is jointly and severally entitled to recoup and collect from defendants Transportation, Popelino, and Barragan any sums it must pay in the defense or resolution of the *Rios* and *D&R Woods* actions.

5. For costs of suit; and

6. For such other and further relief as the Court may deem just and proper.

/ / /

[COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF]

882629.1

DATED: November 24, 2021     WOOLLS PEER DOLLINGER & SCHER
                             A Professional Corporation


                             /s/ JOHN E. PEER
                             ─────────────────────────
                             JOHN E. PEER
                             DOUGLAS A. GREER
                             Attorneys for Plaintiff
                             CENTURY SURETY COMPANY

[COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF]

882629.1