JOHN E. PEER - State Bar No. 95978
jpeer@wpdslaw.com
DOUGLAS A. GREER - State Bar No. 129987
dgreer@wpdslaw.com
**WOOLLS PEER DOLLINGER & SCHER**
A Professional Corporation
One Wilshire Building
624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017
Telephone:   (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for
CENTURY SURETY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTURY SURETY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>POPELINO'S TRANSPORTATION, INC. a corporation, JOSE POPELINO, an individual, JOSE BARRAGAN, an individual, POPELINO'S GREEN WASTE RECYCLING, a business entity of unknown form, ROSARIO RIOS, an individual, JUSTICE CUTS D/B/A RECYCLING AND RECOVERY, a corporation, RICHARD BOYD, an individual, ELISA BOYD, an individual and D&R WOODS ENTERPRISE CORP., a corporation,<br><br>Defendants. | Case No.: 5:21-cv-01987-RGK (RAOx)<br><br>District Judge R. Gary Klausner<br>Magistrate Judge Rozella A. Oliver<br><br>**APPLICATION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS POPELINO'S TRANSPORTATION, INC., JOSE BARRAGAN, AND POPELINO'S GREEN WASTE RECYCLING; DECLARATION OF DOUGLAS A. GREER; DECLARATION OF LEIA HALL** |

PLEASE TAKE NOTICE THAT on May 16, 2022, at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, plaintiff Century Surety Company ("Century") will present its application for default judgments against defendants Popelino's Transportation, Inc., Jose Barragan, and Popelino's Green Waste Recycling.

The clerk has previously entered the default of Defendants Popelino's Transportation, Inc. Jose Barragan and Popelino's Green Waste Recycling. [Doc. ##

1

18, 20.]

At the time and place of hearing, Century will present proof of the following matters:

1.   None of these defendants are minors or incompetent persons or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940; and

2.   Said defendants have not appeared in this action.

3.   Century is entitled to judgment as follows:

(A)   On the first cause of action, for a judgment declaring that Century has no obligation under the Policy to defend Transportation, Popelino, Barragan or GWR against the claims asserted in Riverside County Superior Court Case No. CVRI2101477 and/or Riverside County Superior Court case No CVRI 2102080, or any other actions based on the same or similar facts;

(B)   On the second cause of action, for a judgment declaring that Century has no obligation under the Policy to indemnify Transportation, Popelino, Barragan or GWR against the claims asserted Riverside County Superior Court Case No. CVRI2101477 and/or Riverside County Superior Court case No CVRI 2102080, or any other actions based on the same or similar facts;

(C)   On the third cause of action, for rescission of Century Surety Company policy CCP 904689 issued to Popelino's Transportation, Inc. as if it had never issued;

(D)   On the fourth cause of action, for a judgment declaring that Century is jointly and severally entitled to recoup and collect from defendants Transportation, Popelino, and Barragan $21,921.47, the amount Century has paid to defend Popelino's Transportation, Inc.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

2

Jose Barragan and Popelino's Green Waste Recycling, against

Riverside County Superior Court Case No. CVRI2101477 and/or

Riverside County Superior Court case No CVRI 2102080;

(E)    For costs of suit; and

(F)    For such other and further relief as the Court may deem just and

proper.

The above stated facts are set forth in the accompanying declarations

of Douglas A. Greer and Leia Hall, filed herewith.

DATED:  April 14, 2022                          WOOLLS PEER DOLLINGER & SCHER
                                                A Professional Corporation


                                                /s/  Douglas A. Greer
                                                JOHN E. PEER
                                                DOUGLAS A. GREER
                                                Attorneys for Plaintiff
                                                Century Surety Company

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

3

[CASE NO.: 5:21-CV-01987-RGK (RAOX)]
[APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action for declaratory relief arises out of a fire that started in the early morning hours of December 3, 2020, in one of the giant mulch piles maintained at the Popelino's Green Waste Recycling ("GWR") facility located at 1880 Brown Ave., in Riverside, CA. The fire ultimately spread to a wood pallet storage area and then to offsite properties, including adjacent property owned by Rosario Rios and Justice Cuts. Property belonging to Richard and Elisa Boyd and D&R Woods also allegedly sustained damage from the fire. [Doc. #1, p. 5] [1]

(Declaration of Leia Hall ("Hall Decl.") ¶ 7; Declaration of Douglas A. Greer ("Greer Decl.") ¶¶ 8,9, Exhibits 1 and 2, to Greer Decl.)

On March 10, 2021, defendants Rios, Justice Cuts and the Boyds filed suit against (1) Popelino's Transportation, Inc.; (2) Jose Popelino; and (3) Jose Barragan in Riverside County Superior Court (civil action number CVRI2101477) (The "*Rios* action.") The *Rios* complaint alleges that multiple fires have occurred at the Recycling Facility in prior years, including damages occurring on December 3, 2020, and seeks damages for arson, premises liability, inverse condemnation, nuisance and trespass, as well as statutory violations. The complaint seeks the recovery of punitive damages. (Exhibit 1 to Greer Decl., Hall Decl. ¶ 7.)

On April 26, 2021, defendant D&R Woods, the owner of another adjacent property, filed Riverside County Superior Court case No CVRI2102080, entitled *D&R Woods Enterprise Corp. v. Popelino's Transportation, Inc*., *et al.* (The "*D&R Woods* action.") The complaint alleges causes of action for negligence, negligence per se, nuisance and trespass against Transportation, and seeks damages for damage to D&R Woods' property, allegedly resulting from the December 3, 2020, fire originating at

---

[1] Plaintiff's Amended Complaint was filed on January 25, 2022, after the defaults of defendants GWR, Transportation and Barragan were entered. The sole change was the addition of defendant D&R Woods on the caption to correct a clerical error. The page citations would be identical. [Doc. # 23.]

915470.1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

the Recycling Facility. (Exhibit 2 to Greer Decl.; Hall Decl. ¶ 7.)

The *Rio*s and *D&R Woods* actions were tendered to Century for defense and indemnity. [Doc.# 1, p.5.] (Hall Decl. ¶ 7.) Century agreed to defend Transportation, Popelino and Barragan pursuant to a full reservation of rights, including the right to withdraw from the defense of the *Rios* and *D&R Woods* actions and to seek full recoupment from Transportation and/or its officers or directors of any sums Century pays in the defense or indemnification of the corporation, its officers or employees should Century establish the absence of coverage under the Policy. (Exhibit B to Hall Decl.; Hall Decl., ¶ 12.)

Century further expressly reserved its right under the policy to deny coverage for any award of punitive, treble or exemplary damages, as well as any award of attorney fees or costs. (Exhibit B to Hall Decl., Hall Decl., ¶ 12.)

Century Surety issued CGL policy CCP 904689 to Transportation as the named insured covering the period from 05/15/20 through 05/15/21. (The "Policy") (Exhibit A to Hall Decl., p.3) The Policy provided an 'each occurrence' limit of $1,000,000, subject to a $2,000,000 General Aggregate, with a $500 per claim deductible. (Exhibit A to Hall Decl., p. 15.) The Policy covers the insured's liability for property damage caused by an occurrence and is attached as Exhibit "A". (Exhibit A to Hall Decl., p.-16.)

The Declarations show the insured's address ("Location of all premises you own, rent or occupy") as 3661 Hunter Street, Riverside, CA 91752. (Exhibit A to Hall Decl., p.15.)

As the owner of Transportation, Jose Barragan is an insured under the Policy, but only with respect to his duties as the president of the Transportation company. (Exhibit A to Hall Decl., p.24.)

The Century Policy's Declaration page shows the Policy was rated based on a Classification Code of "99793" for "Truckers". The premium charged for this coverage was $1,815. (Exhibit A to Hall Decl., p.3.)

5

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

915470.1

Transportation's Application seeking coverage from Century listed the company's work as "Trucker" and stated that Transportation "operates a trucking company hauling construction building materials." (Hall Decl., ¶ 4.)

Prior to the issuance of the Policy, Barragan told Century's inspector that the insured operates "a construction site debris removal business and also does some dumpster rental" and further assured the inspector that Barragan did not own or operate any other businesses at that time. (Hall Decl., ¶ 4.)

Because the coverage afforded by the Policy was intended to apply only to Transportation's trucking operations, for which premium was charged, the Century Policy attached endorsement CGL 1711b (12/17) "Classification Limitation Endorsement", which provides in pertinent part:

> The 'bodily injury' or 'property damage' coverage under this insurance is strictly limited to the classification(s), and codes, listed on the Commercial General Liability Coverage Declarations page and its endorsements or supplements.

(Hall Decl., ¶ 6; Exhibit A to Hall Decl., p. 54.)

Nevertheless, defendant Barragan is the owner of the six-acre parcel located at 1880 Brown Ave., in Riverside, CA where he operates GWR, a separate business. [Doc. # 1, p. 8.] (Hall Decl., ¶ 7.) Barragan and GWR composts and recycles green wastes at the six-acre Recycling Facility. Barragan purchased separate general liability coverage for the GWR operations from a different insurer (Kinsale Insurance Company) that was in place at the time of the fire. [Doc. # 1, p. 8.] (Hall Decl., ¶¶ 7,8.)

The Declarations for Transportation's Policy makes clear that only Transportation's "trucking" operations were to be covered by the Policy. The Policy was never intended to extend coverage for Barragan's separate, undisclosed waste recycling operation located on a six-acre parcel at a different site in Riverside.

 Had the true facts been disclosed, Century would not have agreed to issue

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

6

the Policy to Transportation for the premium charged, which was based solely on Popelino's trucking operations. [Doc. # 1, p.9.] (Hall Decl.,¶ 10)  The failure to disclose the existence of GWR prior to the issuance of the Century policy was material pursuant to California Insurance Code sections 334, 359, and 360.  [Doc. # 1, p.9.] (Hall Decl.,¶ 10)   Century is therefore entitled to rescind the Policy pursuant to California Insurance Code sections 331 and 359, and California Civil Code sections 1688, 1689, 1691 and 1692, as if the Policy was never issued.

## II.    THE DEFENDANTS ARE IN DEFAULT

Plaintiff filed its complaint in the present action on November 24, 2021. [Docket No. 1.] Plaintiff served its summons and complaint on Defendant GWR on December 1, 2021, and filed the proof of service on December 17, 2021. [Docket No. 12.] Pursuant to Federal Rules of Civil Procedure, Rule 12 (A) defendants' answer was due on December 22, 2021.  (Greer Decl., ¶4.)

Plaintiff served the summons and complaint on defendants Barragan and Transportation on December 15, 2021, as evidenced by the proof of service of summons on file with this Court. [Docket Nos. 13,14.]  Pursuant to Federal Rules of Civil Procedure, Rule 12 (A) Barragan and Transportation's answers were due on due on January 5, 2022.  (Greer Decl. ¶ 5.)

Neither GWR, Barragan nor Transportation have made an appearance in this action.  The default of defendant GWR was entered by the Clerk on January 5, 2022, [Doc.# 18.] and the defaults of Barragan and Transportation were entered by the Clerk on January 18, 2022. [Doc. # 20.] (DAG Dec. ¶ 6.)

None of the defendants (two of which are businesses) are a minor or an incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. (DAG Dec. ¶ 7.)

## III.   ENTRY OF DEFAULT JUDGMENTS IS APPROPRIATE

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Century is entitled to a default judgment against defendants GWR, Barragan and Transportation.

7

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

As evidenced by the foregoing discussion regarding service and the Declaration of Douglas A. Greer filed concurrently with this application, defaults have been entered as to each of them.

### IV.    THE CRITERIA SET FORTH BY THE NINTH CIRCUIT IN *EITEL* FAVORS ENTRY OF DEFAULT JUDGMENT AGAINST GWR, BARRAGAN AND TRANSPORTATION.

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986). These criteria favor the entry of default here.

(A)    *Century Would be Severely Prejudiced by a Denial of its Application for Default Judgments.*

As the Court of Appeals stated in *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970), "default judgment must normally be viewed as available … when the adversary process has been halted because of an essentially unresponsive party. In that instance, *the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights*." (Emphasis added.) That is clearly what has taken place here, as the failure or refusal of defendants to participate in this action entirely precludes Century from moving forward to obtain a coverage determination on the merits.

Century has incurred defense costs on behalf of defendants GWR, Barragan and Transportation in the *Rios* and *D&R Woods* actions in the amount of $21,921,47. (Hall Decl. ¶ 13; Exhibit C to Hall Decl.)  As set forth in the Declaration of Leia Hall, and in the reservation of rights letter attached as exhibit B thereto, Century agreed to defend GWR, Barragan and Transportation against the Rios and D&R Woods actions

[CASE NO.: 5:21-CV-01987-RGK (RAOX)]
[APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

pursuant to a full reservation of rights, including the right to seek recoupment of all defense costs under *Buss v. Superior Court* (1997) 16 Cal. 4th 35. Century would be severely prejudiced by a failure to enter default judgment as the defendants' refusal to participate in the judicial process would foreclose it from obtaining its right to reimbursement as provided in *Buss*. (Hall Decl., ¶12; Exhibit C to Hall Decl.)

(B)  *Century's Complaint Sufficiently Pleads Causes of Action Against Defendants*

"The second and third *Eitel* factors "require that a plaintiff state a claim on which [it] may recover." *PepsiCo, Inc. v. California Security Cans,* 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002); see also *Discovery Commc'n, Inc. v. Animal Planet, Inc.,* 172 F.Supp.2d 1282, 1288 (C.D. Cal. 2001 ("The Ninth Circuit has suggested that the [ ] two *Eitel* factor[s] involving the substantive merits of Plaintiff's claims and the sufficiency of the complaint [ ] 'require that plaintiff's allegations state a claim on which [it] may recover"), quoting *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978); see also *Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014)

Importantly, once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. See Federal Rules of Civil Procedure, Rule 8(b)(6); see also, e.g., *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977 [stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"]. The court, however, must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 63 (1998) (footnote omitted); see also *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir.1992)

9

"[Although] the factual allegations of [the] complaint together with other competent evidence submitted by the moving party are normally taken as true ... this Court must still review the facts to ensure that the Plaintiffs have properly stated claims for relief"). *Doe v. Qi,* 349 F.Supp.2d 1258, 1272 (N.D.Cal.2004).

Based on the facts alleged in the Amended Complaint, which are deemed to be true following the entry of default, Century's first and second causes of action for declaratory relief seeking a declaration it had no obligation to defend or indemnify defendants against the Underlying Action clearly state facts sufficient constitute a cause of action against defendants.

If, as the facts and evidence indicate, GWR was not covered under the Policy, there is no coverage and therefore no duty to defend or indemnify could possibly arise. As noted above, the complaint alleges that the policy only provides coverage for Transportation's "trucking" operations at 3661 Hunter St., Riverside CA. [Doc #1, p. 15, (Hall Decl. ¶¶ 3,4; Exhibit A to Hall Decl., p.15.) The Policy was rated based on a Classification Code of "99793" for "Truckers". The premium charged for this coverage was $1,815. (Exhibit A to Hall Decl., p.3.)

Transportation's Application seeking coverage from Century listed the company's work as "Trucker" and stated that Transportation "operates a trucking company hauling construction building materials." (Hall Decl., ¶ 4.)

Further, prior to the issuance of the Policy Barragan told Century's inspector that the insured operates "a construction site debris removal business and also does some dumpster rental" and further assured the inspector that Barragan did not own or operate any other businesses at that time. (Hall Decl., ¶ 4.)

Additionally, the Declarations show the insured's address as 3661 Hunter Street, Riverside, CA 91752. (Exhibit A to Hall Decl., p.15.)

Because the coverage afforded by the Policy was intended to apply only to Transportation's trucking operations, for which premium was charged, the Century Policy attached endorsement CGL 1711b (12/17) "Classification Limitation

10

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ND Floor
Los Angeles, California 90017

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

1    Endorsement", which provided that "coverage under this insurance is strictly limited

2    to the classification(s), and codes, listed on the Commercial General Liability

3    Coverage Declarations page and its endorsements or supplements." (Exhibit A to Hall

4    Decl., p. 5.) (Code '99793' for 'Truckers').

5        Further, the Amended Complaint alleges that Barragan purchased separate

6    general liability coverage for the GWR operations at 1880 Brown Ave., Riverside, CA

7    from a different insurer (Kinsale Insurance Company) which was in place at the time

8    of the fire. [Doc. # 1, p 4.] (Hall Decl.,¶ 8.)

9        GWR, and its operations at 1880 Brown Ave., were not covered by the Policy.

10   *Montrose Chemical Corp. v. Superior Court,* 6 Cal.4th 287, 288-289 (1993)

11   [The duty to defend may be defeated by extrinsic evidence of undisputed facts that

12   conclusively eliminate a potential for coverage.]. See also, *Rowell v. Hodges*, 434 F.2d

13   926, 930 (5th Cir. 1970) [No duty to defend insured when facts established vehicle

14   involved in accident was not a covered vehicle under policy.]

15       The third cause of action seeks to void or rescind the policy due to concealment

16   and/or misrepresentation of material facts. Pursuant to the Misrepresentation or

17   Concealment provision of the policy and California Insurance Code Sections 331 and

18   332, coverage is void if any insured, at any time, intentionally conceals or

19   misrepresents a material fact. (Exhibit A to Hall Decl., p. 72.)

20       The Complaint alleges that prior to the issuance of the Century Policy Barragan

21   never advised Century of the existence of GWR and, in fact, specifically stated that he

22   did not have any businesses besides Transportation. [Doc. # 1, p.4, Hall Decl., ¶ 4.)

23   The complaint further alleges that Barragan purchased liability coverage specifically

24   for GWR with a different insurer. [Doc #1, p. 4; Hall Decl., ¶ 8.)

25       The complaint alleges that Century would not have agreed to issue the Policy

26   for the premium charged if it had been aware that Transportation sought coverage for

27   its separate GWR operation. [Doc.# 1, p. 9: Hall Decl., ¶ 10.) These facts support a

28   finding of rescission. *Admiral Ins. Co. v. Sup.Ct. (A Perfect Match, Inc.),* 18 CA5th

383, 388-389 (2017) [insured made misrepresentation where it knew of or reasonably could have foreseen the claim against it.]; See also: California Insurance Code. § 359 [ "If a representation is false in a material part … the injured party is entitled to rescind the contract …"][2]

Century will return the $1,815 premium paid by Transportation if this Court grants its rescission claim.

The fourth cause of action seeks recoupment of costs incurred by Century in the defense or indemnity of defendants in the Underlying Action pursuant to *Buss v. Superior Court* 16 Cal.4th 35 (1997). Under *Buss*, an insurer that reserves its right to recoupment, is entitled to recover all costs of defense and indemnity incurred upon a determination of non-coverage. Because there was never a potential for coverage for the *Rios* and *D&R Woods* actions under the Policy, Century was not contractually obligated to defend the Insureds and Century is entitled to recover the full amount of defense costs paid. As of the date this motion is filed, Century has incurred $21,930.47, as set forth in the Declaration of Leia Hall, filed herewith, plus interest, from the insureds.

These are clearly sufficient factual allegations and evidence to support Century's causes of action and the Court should grant Century's application for entry of default judgment.

## V.    DEFAULT JUDGMENT IS APPROPRIATE UNDER THE REMAINING FOUR CRITERIA SET FORTH IN *EITEL*.

The final four criteria for consideration under *Eitel* are (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong

---

[2] "Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries." California Insurance Code § 334.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

[CASE NO.: 5:21-CV-01987-RGK (RAOX)]
[APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

public policy favoring decisions on the merits. *Eitel, supra,* 782 F.2d 1471–72

### (A)    *The Sum of Money Involved*

The sum of money involved, $21,921,47 is the amount incurred by Century in its defense of GWR, Barragan and Transportation in the *Rios* and *D&R Woods* actions. Hall Decl., ¶ 13; Exhibit C to Hall Decl.) Reimbursement of the amounts incurred in defending an uncovered claim is expressly authorized in the California Supreme Court's decision in *Buss*. The amount was clearly paid by Century and Century is clearly entitled to recoup it from the insured. (Hall Decl., ¶ 13; Exhibit C to Hall Decl.)

### (B)    *The Possibility of a Factual Dispute*

While there is always a *possibility* of a dispute concerning the material facts of a case, defendants had ample opportunity to raise such a dispute if they believed they had a meritorious argument. GWR, Barragan and Transportation were fully aware of the present action no later than of approximately December 15, 2021, and could have appeared if they believed Century was incorrect.

As a practical matter, a default judgment could never be entered if the mere possibility that a defaulted defendant might later come up with a factual dispute were enough to preclude its entry. Further, this criteria must be tempered by the general rule, stated above, that once default is entered by the Clerk, "*the factual allegations of the complaint will be taken as true*." *Geddes v. United Fin. Group, supra,* 559 F.2d at 560. GWR, Barragan and Transportation are not entitled to defense or indemnity under the Century Policy for the claims asserted in the *Rios* and *D&R Woods* actions. The allegations of the complaint, "taken as true," and the evidence presented with this motion, establish that Policy was not intended to, nor did it, provide coverage for GWR, an undisclosed separate business operated by Barragan at an undisclosed separate location. There is no dispute over a material fact.

///

13

915470.1

(C)   *Excusable Neglect*

Finally, the complete failure to respond to a complaint cannot be attributed to "excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993), the United States Supreme Court considered the meaning of "neglect" in the context of an attorney failing to timely answer a complaint in an action he had removed to federal court.  The Supreme Court held that "neglect" has its ordinary expected meaning, which includes negligence, carelessness, and inadvertent mistake, stating that Congress intended that "the courts would be permitted where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388. The Supreme Court explained that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." (Footnote omitted.) *Id.* at 394.

The Supreme Court proposed an equitable analysis, which would take into account all relevant circumstances surrounding the party's omission. *Id.* at 395. The Court stated that such an analysis should include the following factors: (1) the danger of prejudice to the opposing party; (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Id.*

Taking these points *ad seriatim*, the prejudice to Century is clear.  The point of this action was to obtain a declaration of Century's rights and obligations under its policy regarding the defense and indemnity of this claim. This case was filed on November 24, 2021, and Century has been unable to even proceed with discovery as Defendants GWR, Barragan and Transportation have totally ignored the action.  The "delay" was totally in the control of the defendants.

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

14

This is not a situation as in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, (1993), where a willing litigant in a proceeding failed to comply with a rule of court or missed a deadline. Rather, defendants have willfully ignored the action altogether. The reason for the delay is entirely under their control.

Further, it is hard to imagine how a party would be acting in "good faith" by totally ignoring a lawsuit. The complete failure to respond to a complaint cannot be "excusable neglect." And of course, there could never be a default judgment entered for failure to answer a complaint if such a refusal to participate in the legal system can be written off as "excusable neglect."

(D)    *Public Policy*

Lastly, while there is rightly a strong public policy in favor of deciding an action on its merits, denying default in this case would not serve that policy. By their conduct, defendants have refused to allow the case to go forward on its merits. Century has no ability to pursue its case without their participation. This is, therefore, the classic situation that demands the entry of a default judgment.

## VI.    **CONCLUSION**

For the reasons set forth above and in the Declaration of Douglas A. Greer and Declaration of Leia Hall, filed herewith, Plaintiff Century Surety Company respectfully requests that the Court enter Judgment in its favor as follows:

(A)    On the first cause of action, for a judgment declaring that Century has no obligation under the Policy to defend Transportation, Popelino, Barragan or GWR against the claims asserted in the *Rios* and *D&R Woods* actions or any similar actions arising out of the December 3, 2020, fire.

(B)    On the second cause of action, for a judgment declaring that Century has no obligation under the Policy to indemnify Transportation, Popelino, Barragan or GWR against the claims asserted in the *Rios* and *D&R Woods* actions or any similar actions arising out of the December 3, 2020, fire.

15

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

915470.1

(C) On the third cause of action, for rescission of the Policy as if it had never issued;

(D) On the fourth cause of action, for a judgment declaring that Century is jointly and severally entitled to recoup and collect from defendants Transportation, Popelino, and Barragan $21,921.47, the amount Century has paid to defend Popelino's Transportation, Inc. Jose Barragan and Popelino's Green Waste Recycling, against the *Rios* and *D&R Woods* actions.

(E) For costs of suit; and

(F) For such other and further relief as the Court may deem just and proper.

Century will refund the $1,815 premium Transportation paid for the Century Policy if this Court grants judgment rescinding the Century policy. (Hall Decl., ¶ 15).

DATED: April 14, 2022                    WOOLLS PEER DOLLINGER & SCHER
                                         A Professional Corporation

                                         /s/ Douglas A. Greer
                                         _____
                                         JOHN E. PEER
                                         DOUGLAS A. GREER
                                         Attorneys for Plaintiff
                                         Century Surety Company

16

# DECLARATION OF DOUGLAS A. GREER

1.    I am an attorney licensed to practice in the State of California and am Special Counsel to Woolls Peer Dollinger & Scher, APC., counsel of record for Plaintiff Century Surety Company ("Century") in the present action. I have personal knowledge of the matters stated herein and if called upon to testify as a witness, I would and could competently testify thereto.

2.    I make this declaration in support of Century's Application for Default Judgments as to defendants Popelino's Transportation, Inc. Jose Barragan and Popelino's Green Waste Recycling.

3.    Plaintiff filed its complaint in the present action on November 24, 2021. [Docket No. 1.]

4.    Plaintiff served its summons and complaint on Popelino's Green Waste Recycling on December 1, 2021, and filed the proof of service on December 17, 2021. Pursuant to Federal Rules of Civil Procedure, Rule 12 (A) defendants' answer was due on December 22, 2021. [Docket No. 12.]

5.    Plaintiff served the summons and complaint on defendants Jose Barragan and Popelino's Transportation, Inc on December 15, 2021, as evidenced by the proof of service of summons on file with this Court. Pursuant to Federal Rules of Civil Procedure, Rule 12 (A) Barragan and Transportation's answers were due on due on January 5, 2022. [Docket Nos. 13,14.]

6.    Neither Popelino's Green Waste Recycling, Jose Barragan nor Popelino's Transportation, Inc. have made an appearance in this action.  The default of defendant Popelino's Green Waste Recycling was entered by the Clerk on January 5, 2022. [Doc.# 18.] The defaults of Jose Barragan and Popelino's Transportation, Inc were entered by the Clerk on January 18, 2022. [Doc. # 20.]

7.    To the best of my knowledge, none of the defendants (two of which are businesses) are a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

17

915470.1

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22ⁿᵈ Floor
Los Angeles, California 90017

8.    Exhibit 1 to this declaration is a true and correct copy of the Complaint in Los Angeles County Superior Court Case No. CVRI2101477, which I personally downloaded from the Superior Court's website.

9.    Exhibit 2 to this declaration is a true and correct copy of the Complaint in Los Angeles County Superior Court Case No. CVRI2102080, which I personally downloaded from the Superior Court's website.

I declare under penalty of perjury that the foregoing is true and correct.

April 14, 2022                                         /s/  Douglas A. Greer

                                                  Douglas A. Greer

Woolls Peer Dollinger & Scher
A Professional Corporation
One Wilshire Building, 624 South Grand Avenue, 22nd Floor
Los Angeles, California 90017

18

915470.1

# Exhibit 1



# Exhibit 1

<table>
<tr><td>

1 | Rod Pacheco (State Bar No. 112432)<br>
rpacheco@pncounsel.com<br>
2 | Brian Neach (State Bar No. 242801)<br>
bneach@pncounsel.com<br>
3 | Christopher Sohovich (State Bar No. 247992)<br>
csohovich@pncounsel.com<br>
4 | PACHECO & NEACH PC<br>
3 Park Plaza, Suite 120<br>
5 | Irvine, California 92614<br>
Telephone: 714.462.1636<br>
6 | Facsimile: 714.462.1785

</td><td>

**FILED**<br>
Superior Court of California<br>
County of Riverside<br>
3/10/2021<br>
K. Thomsen<br>
Electronically Filed

</td></tr>
</table>

7

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

## COUNTY OF RIVERSIDE

9

10

| | |
|---|---|
| 11 ROSARIO RIOS, an Individual;<br>RICHARD BOYD, an individual;<br>12 ELISA BOYD, an individual;<br>JUSTICE CUTS, a California<br>13 Corporation, dba RECYCLING &<br>RECOVERY; | Case No. **CVRI2101477**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **ARSON**<br>2. **NEGLIGENCE**<br>3. **INVERSE CONDEMNATION** |
| 14 Plaintiffs, | 4. **PUBLIC NUISANCE**<br>5. **PRIVATE NUISANCE**<br>6. **PREMISES LIABILITY** |
| 15 v. | 7. **TRESPASS** |
| 16 JOSE POPELINO, an Individual;<br>17 POPELINO'S TRANSPORTATION,<br>Inc., a California Corporation; JOSE<br>18 BARRAGAN, an individual;<br>and Does 1 through 20, Inclusive, | 8. **VIOLATION OF HEALTH &**<br>**SAFETY CODE §13007**<br><br>**JURY TRIAL DEMANDED** |
| 19 Defendants. | |

20

21    **PLAINTIFFS** bring this action for damages against Defendants **JOSE POPELINO,**

22 **POPELINO'S TRANSPORATION Inc.** and **DOES 1 through 20** (collectively,

23 **DEFENDANTS")** as follows:

24 **I.    JURISDICTION AND VENUE**

25        1. This Court has subject matter jurisdiction over this matter pursuant to Code

26 of Civil Procedure 395(a) because, at all times relevant, Defendants and each of them have

27 resided in, been incorporated in, or done significant business in the State of California so

28

1  as to render the exercise of jurisdiction over Defendants and each of them, by California
2  Courts consistent with traditional notions of fair play and substantial justice.

3      2.  Venue is proper in the County because substantially all of the events, acts,
4  omissions, and/or transactions complained of herein occurred in Riverside County, State of
5  California pursuant to Code of Civil Procedure 395(a).

6  **II.   PARTIES**
7      **A.   PLAINTIFFS**

8      3.  Plaintiff Rosario Rios is the owner of Plaintiff, Justice Cuts, dba Recycling
9  and Recovery, who lost personal and commercial property on land they rented at 5190
10  Wilson Street, Riverside, CA 92509. All the damage alleged herein occurred in and around
11  Riverside County and arose from the fire started at the Defendant's property, as set forth in
12  more detail below.

13      4.  Plaintiffs Richard and Elisa Boyd are a husband and wife who lost personal
14  and commercial property on land they owned at 5190 Wilson Street, Riverside, CA 92509.
15  All the damage alleged herein occurred in and around Riverside County and arose from the
16  fire started at the Defendant's property, as set forth in more detail below.

17      **B.   DEFENDANTS**

18      5.  At all times herein mentioned Defendant Popelino's Transportation, Inc. was
19  a corporation authorized to do business and doing business, in the State of California.
20  Defendant Popelino's Transportation Inc. is green waste recycling, hauling, and
21  transportation company.

22      6.  Defendant Jose Popelino is the owner of Popelino's Transportation Inc.

23      7.  Defendant Jose Barragan is the owner of the land on which Popelino's
24  Transportation Inc. is located. On information and belief, he is the landlord that leased the land to
25  Jose Popelino and Popelino's Transportation, Inc.

26      8.  Plaintiffs allege that Popelino's Transportation Inc., Jose Popelino, and Jose
27  Barragan are jointly and severally liable for each other's wrongful acts and/or omissions as
28  hereafter alleged.

2

1    **C.    DOE DEFENDANTS**

2        9.    The true names and capacities, whether individual, corporate, associate, or

3    otherwise of the Defendants DOES 1 through 20, inclusive, are unknown to PLAINTIFFS

4    who therefore sue said Defendants by such fictitious names pursuant to Code of Civil

5    Procedure section 474. Plaintiffs further allege that each of said fictitious Defendants is in

6    some manner responsible for the acts and occurrences hereinafter set forth. Plaintiffs will

7    amend this Complaint to show their true names and capacities when the same are

8    ascertained, as well as the manner in which each fictitious Defendant is responsible.

9        **D.    AGENCY AND CONCERT OF ACTION**

10        10. At all times mentioned herein, Defendants, and/or each of them, were the

11    agents, servants, employees, partners, aiders and abettors, co-conspirators, and/or joint

12    venturers of each of the other Defendants named herein and were always operating and

13    acting within the purpose and scope of said agency, service, employment, partnership,

14    enterprise, conspiracy, and/or join venture, and each Defendant has ratified and approved

15    the acts of each of the remaining Defendants. Each of the Defendants aided and abetted,

16    encouraged, and rendered substantial assistance to the other Defendants in breaching their

17    obligations to Plaintiffs as alleged herein. In taking action to aid and abet and substantially

18    assist the commission of these wrongful acts and other wrongdoings complained of, as

19    alleged herein, each of the Defendants acted with an awareness of his/her/its primary

20    wrongdoing and realized that his/her/its conduct would substantially assist the

21    accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

22    **III.    FACTUAL ALLEGATIONS**

23        11. This case arises from the Defendants willful disregard for public safety in

24    failing to manage the risks associated with the operation of their facilities and equipment.

25        12. On the morning of December 3, 2020, a fire began at Popelino's

26    Transportation, Inc. location that would eventually obliterate the property and equipment

27    of the Plaintiffs. The first reported sighting of a fire came at approximately 12:15 a.m. San

28    Bernardino County Fire ("SBCF") would respond several times to the Defendant's

1   property over the course of that day because of the fire being re-lit by careless and reckless
2   management of the property by the Defendant's.

3          13. San Bernardino County Fire crews responded to the fire at 12:30 a.m. and
4   had the fire under control by about 2:00 a.m. The responsibility of "mop up" operations,
5   and those designed to ensure the fire did not reignite, was assumed by the Defendants after
6   discussion with Fire officials.

7          14. Again at 4:07 a.m. there was a report from Riverside County Fire ("RCF")
8   that the fire had re-lit.

9          15. At 8:21 a.m. SBCF contacted the Defendant's employees at the property
10  who advised SBCF that the fire was *mostly* out.

11         16. Again at 10:33 a.m. Riverside County called and advised there was smoke
    coming from the Defendant's Property.
12
           17. A mere 10 minutes later, at 10:43 a.m. 5 to 6 large mulch piles were well
13  involved with fire and at 10:44 SBCF spoke to the Defendant's employees who informed
14  Fire officials that they, the employees, had lost control of the fire and were requesting a
15  full response.

16         18. By 11:24 a.m. the fire had spread to the Plaintiff's property and additional
17  units were called in to fight the now uncontrolled, raging fire.

18         19. A subsequent investigation by Fire officials resulted in a finding that the fire
19  at issue started on Defendants' property on numerous occasions during a 24-hour period
20  and that it originated from Defendants' 200' x 200' x 50' high piles of mulch on their
21  property. Those officials further found that Defendants had failed to fulfill their
22  responsibility to prevent further outbreaks after Fire officials extinguished the initial fire.

23         20. Prior to this event, the Defendants were aware of the catastrophic
24  consequences of failing to properly maintain the hazardous fire conditions of their business
25  and property. They had bulldozers on site to move the various piles of materials that were
26  combustible and flammable, and they had a 12,000 gallon water tank on site. Despite these
27  potential precautions none of them were used effectively such that the fire did not start, or
    if it did, that the fire would be contained and extinguished.
28

4

1         21. Moreover, based on information and belief, Fire officials had been called out

2    to Defendants' location many times prior to the inferno in question for other fires that had

3    ignited due to the failure of Defendants to properly manage their combustible materials.

4         22. Thus, Defendants were on notice their efforts to prevent, contain and

5    extinguish fires that started on their property were deficient. Despite this knowledge

6    Defendants, prior to the fire in question herein, did nothing significant to prevent an

7    additional conflagration like the one that engulfed Plaintiffs' property.

8         23. This fire was an inevitable byproduct of the Defendant's willful and

9    conscious disregard of public safety. Despite Red Flag Warnings, already combustible

10   materials on the property, and several fires that day on the property, the Defendants failed

11   to manage and/or control the materials under their control that could cause a fire. This

12   created a clear and present danger of materials on the property catching fire and spreading

13   that fire to neighboring businesses and/or property. Moreover, the Defendant's, their

14   employees, and/or agents, abdicating their responsibility of oversight, and/or evaluation of

15   mitigation measures used to prevent against the risk of fire caused by operation of

    facilities, equipment, and property.

16        24. As a result of Defendants actions Plaintiffs have been damaged by the loss of

17   products, machinery, and had to expend significant funds to clean up their property after

18   the fire. These damages collectively exceed millions of dollars and will be proven with

19   specificity at trial.

20   **IV.    CAUSES OF ACTION**

21   **FIRST CAUSE OF ACTION**

22   **VIOLATION OF PENAL CODE §452**

23   **(Against all Defendants)**

24        1. Plaintiffs refer to and incorporate the above-pled facts into this cause of

25   action as if separately and inclusively pled.

26        2. The fire was a direct and legal result of the recklessness, and/or unlawfulness

27   of Defendants, and/or each of them. Defendants' failure to properly maintain, manage,

28

1  inspect, and/or monitor their property, materials and equipment caused the fire at

2  Plaintiff's property.

3        3.  The Defendants were aware that their actions, and/or inactions, and/or each

4  of them, presented a substantial and unjustifiable risk of causing a fire at their property and

5  surrounding properties.

6        4.  The Defendants ignored that risk by failing to properly maintain, manage,

7  inspect, and/or monitor their property, materials and equipment.

8        5.  The actions and/or inactions of the Defendants was a gross deviation from

9  what a reasonable person would have done in the same situation.

10                    **SECOND CAUSE OF ACTION**

11                          **NEGLIGENCE**

12                       **(Against all Defendants)**

13        6.  Plaintiffs refer to and incorporate the above-pled facts into this cause of

14  action as if separately and inclusively pled.

15        7.  The fire was a direct and legal result of the negligence, carelessness,

16  recklessness, and/or unlawfulness of Defendants, and/or each of them. Defendants, and/or

17  each of them, breached their respective duties owed individually and/or collectively to

18  Plaintiffs by, including but not limited to: (1) failing to comply with the applicable

19  statutory, regulatory, and/or professional standards of care; (2) failing to timely and

20  properly maintain, manage, inspect, and/or monitor the subject property, equipment and

21  materials; (3) failing to conduct adequate, proper, effective, and/or frequent inspections

22  and/or mitigation of potential fire hazards; (4) failing to design, construct, monitor, and/or

23  maintain their property, equipment and materials in a manner that avoids the potential to

24  ignite a fire during long, dry seasons; (5) failing to install the equipment necessary and/or

25  to inspect and/or repair the equipment installed, to prevent the ignition of fire at all times;

26  and (6) failing to properly train and to supervise employees and/or agents responsible for

27  maintenance and inspection of the property, equipment and materials on the subject

    property.

28

8. As a direct and legal result of Defendants' actions and/or omissions, and/or each of them, Plaintiffs were injured in an amount according to proof at trial.

9. As a further direct and legal result of the Defendants' actions and/or omissions, and/or each of them, Plaintiffs were required to and/or continue to employ hazardous materials contractors, fire mitigation and security personnel, clean-up, and restoration companies to secure, examine, inspect and/or make safe their property. Plaintiffs have incurred and will continue to incur additional expenses in an amount according to proof at trial.

10. As a further direct and legal result of the Defendants' actions and/or omissions, and/or each of them, Plaintiffs have suffered loss of income, loss of earning capacity, loss of profits, increased expenses due to displacement, and/or other consequential economic losses in an amount according to proof at trial.

11. As a further direct and legal result of the Defendants' actions and/or omissions, and/or each of them, Plaintiffs have suffered damage to real property, including the loss of vegetation, trees, and structures, the creation of hydrophobic soil conditions, and a loss of use, benefit, goodwill, diminution in value, and/or enjoyment of such property in an amount according to proof at trial.

12. As a further direct and legal result of the Defendants' actions and/or omissions, and/or each of them, Plaintiffs have incurred and will continue to incur expenses and other economic damages related to the damage to their property, including costs relating to storage, clean-up, disposal, repair, depreciation, and/or replacement of their property, and/or other related consequential damages in an amount according to proof at trial.

13. The potential harms to Plaintiffs from wildfires was objectively foreseeable both in nature and in scope and were subjectively known to Defendants from the nature of its business and history of fires at its property.

14. As set forth above and as will be shown by proof, there is a high degree of certainty that Plaintiffs have suffered those injuries and damages, and that there is an extremely close connection between those injuries and damages and Defendants' conduct.

7

1  A high degree of moral blame is attached to the Defendants' conduct, and the policy of
2  preventing future harm justifies both the recognition of the existence of a duty of care
3  owed by Defendants to all Plaintiffs and the imposition of all damages described above.

4      15. Based on the foregoing, Defendants, and/or each of them, acted willfully,
5  wantonly, with oppression, fraud, malice, and/or with a knowing, conscious disregard for
6  the rights and/or safety of others, such the Plaintiffs request that the trier of fact, in the
7  exercise of sound discretion, award Plaintiffs additional damages pursuant to Code of Civil
8  Procedure § 3294 for the sake of example and sufficient to punish the Defendants, and/or
9  each of them, for their despicable conduct, in an amount reasonably related to Plaintiffs'
10 actual damages and Defendants' financial condition, yet sufficiently large enough to be an
11 example to others and to deter Defendants and others from engaging in similar conduct in
12 the future.

13               **THIRD CAUSE OF ACTION**
14               **INVERSE CONDEMNATION**
15                **(Against all Defendants)**

16      16. Plaintiffs refer to and incorporate the above-pled facts into this cause of
17 action as if separately and inclusively pled.

18      17. On or about December 3, 2020, Plaintiffs were owners of real property,
19 commercial property and/or personal property located within Riverside County located at
20 5190 Wilson St.

21      18. Prior to and on December 3, 2020, Defendants, and/or each of them, owned,
22 operated, used, controlled, and/or maintained property, equipment, and materials in and
23 around the location of the fire at 5190 Wilson Street.

24      19. On December 3, 2020, as a direct, necessary, and legal result of Defendants'
25 ownership, operation, use, control, management, and/or maintenance of their property,
26 equipment and materials caused a wildfire that burned the property owned or occupied by
27 the Plaintiffs. The fire damaged and/or destroyed Plaintiffs' real, commercial, and/or
28 personal property.

8

1   20. The above-described damage to Plaintiff property was legally and
2   substantially caused by the actions of Defendants, and/or each of them, in their ownership,
3   operation, use, control, management, and/or maintenance of their property, equipment and
4   materials.

5   21. Plaintiffs have not received adequate compensation for the damage to and/or
6   destruction of their property, thus constituting a taking or damaging of Plaintiffs' property
7   by Defendants, and/or each of them, without just compensation.

8   22. As a direct and legal result of the actions and/or omissions of the
9   Defendants, Plaintiffs suffered damages to their real, commercial, and/or personal
10   property, including loss of use, interference with access, and/or diminution in value and/or
11   marketability in an amount according to proof at trial.

12   23. As a direct and legal result of the actions and/or omissions of the
13   Defendants, Plaintiffs have incurred and will continue to incur costs, disbursements, and/or
14   expenses, including reasonable attorney, appraisal, engineering, and/or other expert fees
15   due to the conduct of the Defendants in amounts that cannot yet be ascertained, but which
16   are recoverable pursuant to Code of Civil Procedure § 1036.

17   **FOURTH CAUSE OF ACTION**
18   **PUBLIC NUISANCE**
19   **(Against all Defendants)**

20   24. Plaintiffs refer to and incorporate the above-pled facts into this cause of
21   action as if separately and inclusively pled.

22   25. Plaintiffs own and/or occupy property at or near the site of the fire which is
23   the subject of this action. At all relevant times herein, Plaintiffs had a right to occupy,
24   enjoy, and/or use their property without interference by Defendants, and/or each of them.

25   26. Defendants, and/or each of them, owed a duty to the public, including
26   Plaintiffs herein, to conduct their business, in particular the maintenance and/or operation
27   of their property, equipment and materials in a manner that did not threaten harm or injury
28   to the public welfare from operation of that property, equipment and material.

9

27. Defendants, and/or each of them, by acting and/or failing to act, as alleged hereinabove, created a condition which was harmful to the health of the public, including these Plaintiffs, and which interfered with the comfortable occupancy, use, and/or enjoyment of Plaintiffs' property. Plaintiffs did not consent, expressly or impliedly, to the wrongful conduct of Defendants, and/or each of them, in acting in the manner set forth above.

28. The hazardous condition which was created by and/or permitted to exist by Defendants, and/or each of them, affected a substantial number of people within the general public, including Plaintiffs herein, and constituted a public nuisance under Civil Code§§ 3479 and 3480 and Public Resources Code § 4171. Further, the ensuing uncontrolled wildfire constituted a public nuisance under Public Resources Code § 4170.

29. As a direct and legal result of the conduct of Defendants, and/or each of them, Plaintiffs suffered harm that is different from the type of harm suffered by the general public. Specifically, Plaintiffs have lost the occupancy, possession, use, and/or enjoyment of their land, real and/or personal property, including, but not limited to: a reasonable and rational fear that the area is still dangerous; a diminution in the fair market value of their property; an impairment of the salability of their property; soils that have become hydrophobic; exposure to an array of toxic substances on their land; the presence of "special waste" on their property that requires special management and disposal; and a lingering smell of smoke, and/or constant soot, ash, and/or dust in the air.

30. As a further direct and legal result of the conduct of Defendants, and/or each. of them, Plaintiffs have suffered, and will continue to suffer, discomfort, anxiety, fear, worries, annoyance, and/or stress attendant to the interference with Plaintiffs' occupancy, possession, use and/or enjoyment of their property, as alleged above.

31. A reasonable, ordinary person would be reasonably annoyed or disturbed by the condition created by Defendants, and/or each of them, and the resulting fire.

1      32. The conduct of Defendants, and/or each of them, is unreasonable and the
2   seriousness of the harm to the public, including Plaintiffs herein, outweighs the social
3   utility of Defendants' conduct.

4      33. Upon information and belief, the individual and/or collective conduct of
5   Defendants set forth above, and/or each of them, resulting in the fire is not an isolated
6   incident, but is ongoing and/or a repeated course of conduct, and Defendants' prior
7   conduct and/or failures have resulted in other fires and potential damage to the public.

8      34. The unreasonable conduct of Defendants, and/or each of them, is a direct
9   and legal cause of the harm, injury, and/or damage to the public, including Plaintiffs
10   herein.

11      35. Defendants, and/or each of them, have individually and/or collectively,
12   failed and refused to conduct proper inspections and to properly maintain their equipment
13   and materials in order to prevent fires in the affected area, and Defendants' individual
14   and/or collective failure to do so exposed every member of the public, including those
15   residing in Riverside County, to a foreseeable danger of personal injury, death, and/or a
16   loss of or destruction real and personal property.

17      36. The conduct of Defendants, and/or each of them, set forth above constitutes a
18   public nuisance within the meaning of Civil Code §§ 3479 and 3480, Public Resources
19   Code §§ 4104 and 4170, and Code of Civil Procedure § 731. Under Civil Code § 3493,
20   Plaintiffs have standing to maintain an action for public nuisance because the nuisance is
21   especially injurious to Plaintiffs because, as more specifically described above, it is
22   injurious and/or offensive to the senses of the Plaintiffs, unreasonably interferes with the
23   comfortable enjoyment of their properties, and/or unlawfully obstructs the free use, in the
24   customary manner, of Plaintiffs' properties, and have suffered harm, injury, and damages.

25      37. For these reasons, Plaintiffs seek an order directing Defendants to abate the
26   existing and continuing nuisance described above.

27   ///

28   ///

## FIFTH CAUSE OF ACTION

## PRIVATE NUISANCE

### (Against all Defendants)

38. Plaintiffs refer to and incorporate the above-pled facts into this cause of action as if separately and inclusively pled.

39. Defendants, and/or each of them, by their acts and/or omissions set forth above, directly, and legally caused an obstruction to the free use of Plaintiffs' property, an invasion the Plaintiffs' right to use their property, and/or an interference with the enjoyment of Plaintiffs' property, resulting in Plaintiffs suffering unreasonable harm and substantial actual damages constituting a nuisance pursuant to Civil Code§§ 3479 and 3481.

40. As a direct and legal result of the wrongful acts and/or omissions of Defendants, and/or each of them, Plaintiffs suffered, and continue to suffer, the injuries and damages as set forth above.

41. As a further direct and legal result of the wrongful acts and/or omissions of Defendants, and/or each of them, Plaintiffs seek the recovery of punitive and exemplary damages against Defendants as set forth above.

## SIXTH CAUSE OF ACTION

## PREMISES LIABILITY

### (Against all Defendants)

42. Plaintiffs refer to and incorporate the above-pled facts into this cause of action as if separately and inclusively pled.

43. Defendants, and/or each of them, were the owners of real property in and around the area of the subject Fire, and/or were the owners of the property, equipment, and materials upon said property.

44. Defendants, and/or each of them, acted wantonly, unlawfully, carelessly, recklessly, and/or negligently in failing to properly inspect, manage, maintain, and/or

12

1  control the property, equipment and/or materials on the real property, allowing an unsafe
2  condition presenting a foreseeable risk of fire danger to exist on said property.

3      45. As a direct and legal result of the wrongful acts and/or omissions of
4  Defendants, and/or each of them, Plaintiffs suffered, and continue to suffer, the injuries
5  and damages as set forth above.

6      46. As a further direct and legal result of the wrongful acts and/or omissions of
7  Defendants, and/or each of them, Plaintiffs seek the recovery of punitive and exemplary
8  damages against Defendants as set forth above.

9              **SEVENTH CAUSE OF ACTION**
10                   **TRESPASS**
11               **(Against all Defendants)**

12      47. Plaintiffs refer to and incorporate the above-pled facts into this cause of
13  action as if separately and inclusively pled.

14      48. At all times relevant herein, Plaintiffs were the owners, tenants, and/or
15  lawful occupants of property damaged by the subject Fire.

16      49. Defendants, and/or each of them, in wrongfully acting and/or failing to act
17  in the manner set forth above, caused the subject Fire to ignite and/or spread out of control,
18  causing harm, damage, and/or injury to Plaintiffs herein, resulting in a trespass upon
19  Plaintiffs property interests.

20      50. Plaintiffs did not grant permission for Defendants to wrongfully act in a
21  manner so as to cause the fire, and thereby produce a wildland fire which spread and
22  wrongfully entered upon their property, resulting in the harm, injury, and/or damage
23  alleged above.

24      51. As a direct and legal result of the wrongful conduct of Defendants, and/or
25  each of them, which led to the trespass, Plaintiffs have suffered and will continue to suffer
26  damages as set forth above, in an amount according to proof at trial.

27      52. As a further direct and legal result of the conduct of Defendants,
28

13

1  Plaintiffs seek double and/or treble damages for the negligent, willful, and wrongful
2  injuries to timber, trees, or underwood on their property, as allowed under Civil Code §
3  3346.

4      53. As a direct and legal result of the wrongful acts and/or omissions of
5  Defendants, and/or each of them, Plaintiffs suffered, and continue to suffer, the injuries
6  and damages as set forth above.

7      54. As a further direct and legal result of the wrongful acts and/or omissions of
8  Defendants, and/or each of them, Plaintiffs seek the recovery of punitive and exemplary
9  damages against Defendants as set forth above.

10  **EIGHTH CAUSE OF ACTION**

11  **VIOLATION OF HEALTH & SAFETY CODE § 13007**

12  **(Against all Defendants)**

13      55. Plaintiffs refer to and incorporate the above-pled facts into this cause of
14  action as if separately and inclusively pled.

15      56. By engaging in the acts and/or omissions alleged in this Complaint,
16  Defendants, and/or each of them, willfully, negligently, carelessly, recklessly, and/or in
17  violation of law, set fire to and/or allowed fire to be set to the property of another in
18  violation of Health & Safety Code§ 13007.

19      57. As a direct and legal result of Defendants' violation of Health & Safety
20  Code § 13007, Plaintiffs suffered recoverable damages to property under Health & Safety
21  Code § 13007.

22      58. As a direct and legal result of the wrongful acts and/or omissions of
23  Defendants, and/or each of them, Plaintiffs suffered, and continue to suffer, the injuries
24  and damages as set forth above.

25      59. As a further direct and legal result of the wrongful acts and/or omissions of
26  Defendants, and/or each of them, Plaintiffs seek the recovery of punitive and exemplary
27  damages against Defendants as set forth above.

28  ///

# V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

**From All Defendants for Inverse Condemnation:**

1. Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;
2. Loss of the use, benefit, goodwill, and enjoyment of Plaintiffs' real and/or personal property;
3. Loss of wages, and/or earning capacity;
4. All costs of suit, including attorneys' fees where appropriate, appraisal fees, engineering fees, and related costs;
5. Prejudgment interest according to proof;
6. For such other and further relief as the Court shall deem proper, all according to
7. proof.

**From All Defendants for Negligence, Public Nuisance, Private Nuisance, Premises Liability, Trespass, and Violation of Health & Safety Code § 13007:**

1. Repair, depreciation, and/or replacement of damaged, destroyed, and/or lost personal and/or real property;
2. Loss of the use, benefit, goodwill, and enjoyment of Plaintiffs' real and/or personal property;
3. Loss of wages, earning capacity, and/or business profits or proceeds and/or any related displacement expenses;
4. Treble damages for wrongful injuries to timber, trees, or underwood on their property as allowed under Civil Code§ 3346;
5. Treble damages in an amount according to proof for injuries to trees as allowed under Code of Civil Procedure§ 733;
6. Exemplary damages in an amount according to proof as allowed under Civil Code § 3294;

15

7.  General damages for fear, worry, annoyance, disturbance, inconvenience, mental anguish, emotional distress, loss of quiet enjoyment of property, personal injury, and for such other and further relief as the Court shall deem proper, all according to proof;

8.  Issuance of an order directing Defendants to abate the existing and continuing nuisance they created;

9.  Attorney's fees as allowed under Code of Civil Procedure§ 1021.5;

10. For special damages including, but not limited to, past and future medical expenses and incidental expenses to Plaintiff according to proof at the time of trial;

11. For all costs of suit incurred;

12. Prejudgment interest according to proof;

13. For punitive damages as allowed by law; and

14. For such other and further relief as the Court shall deem proper, all according to proof.

## JURY TRIAL

Plaintiff hereby demands a trial by jury in this matter.

DATED: February 18, 2021          PACHECO & NEACH, PC

By:

Christopher Sohovich
Attorney for Plaintiff

# Exhibit 2



# Exhibit 2

232330.1

1   Paul M. Mahoney (SBN 43531)
    Richard A. Soll (SBN 67610)
2   MAHONEY & SOLL LLP
    150 West First Street, Suite 280
3   Claremont, CA 91711
    (909) 399-9987; (909) 399-0130 (fax)
4
    Attorneys for Plaintiff, D&R WOODS ENTERPRISE CORP.,
5   a California Corporation

6

7        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    FOR THE COUNTY OF RIVERSIDE

8
    D&R WOODS ENTERPRISE, CORP., a          Case No.  **CVRI2102080**
9   California corporation,
                                            (Assigned to the Honorable,
10             Complainant,                 Department          )
11      vs.
                                                     (Unlimited Civil)
12  POPELINO'S TRANSPORTATION
13  INC., a California Corporation; DOES 1-
    100, inclusive,                         **COMPLAINT FOR:**
14
15             Defendants                   **(1)    NEGLIGENCE**
                                            **(2)    NEGLIGENCE PER SE**
16                                          **(3)    TRESPASS**
                                            **(4)    NUISANCE**
17

18

19      Plaintiff, D&R WOODS ENTERPRISE CORP., a California Corporation, alleges
20  as follows:

21      1.    Plaintiff, D&R WOODS ENTERPRISE CORP., is a California
22  Corporation, organized and existing under the laws of the State of California, with its
    primary place of business located in the City of Riverside, County of Riverside,
23  California.

24      2.    The Defendant, POPELINO'S TRANSPORTATION, is, and at all
25  times herein mentioned was, a corporation, organized and existing under the laws of
    the State of California, with its primary place of business located in the City of
26  Riverside, County of Riverside, California.

27      3.    The acts, events and omissions which caused the Plaintiff damages as
28  alleged herein occurred in the City of Riverside, County of Riverside, California.

4.      Plaintiff is ignorant of the true names and identities of defendants DOES 1 through 100, inclusive, and therefore sues them by those fictitious names, the names, capacities and relationships of DOES 1 through 100 will be alleged by amendment to this complaint when they become known.  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants are in some manner legally responsible for the events alleged in this complaint and for plaintiff's injuries and damages.

5.      Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, the defendants were the agents and employees of each of the co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## FIRST CAUSE OF ACTION

### (Negligence Against All Defendants)

6.      Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 5 hereinabove set forth.

7.      Plaintiff is informed and believes and thereon alleges that on or about December 2 or 3, 2020, Defendants, and each of them, negligently, carelessly, and recklessly ignited a fire that spread to Plaintiff's premises, causing physical damage and loss to property including but not limited to goods, chattels, inventory, and wooden pallets owned by Plaintiff.

8.      As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, and each of them as aforesaid, Plaintiff sustained property damages in an amount in excess of $1,000,000.

///

///

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (Negligence Per Se Against All Defendants)

9.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 5, and 7 and 8 hereinabove set forth.

10.    Plaintiff is informed and believes and thereon alleges that on or about December 2 or 3, 2020, Defendants, and each of them, violated various codes and statutes including, but not limited to, Health and Safety Code Section 13007 which provides that "Any person who personally or through another willfully or negligently, or in violation of law, sets fire to, allows fire to be set to, or allows a fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire" and Health and Safety Code Section 13008 which provides that "Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire."

11.    At all times herein mentioned, Plaintiff's were members of the class intended to be protected against the fire hazards covered by Health and Safety Code Sections 13007 and 13008.

12.    On information and belief, Defendants, and each of them, violated Health and Safety Code Sections 13007 and 13008 by allowing a fire originating on their premises to spread to the subject premises causing property damages and loss.

13.    As a direct and proximate result of the violation of the aforementioned statutes by Defendants, and each of them, Plaintiff sustained property damages in an amount in excess of $1,000,000.

///

///

## THIRD CAUSE OF ACTION

### (Trespass Against All Defendants)

14.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 5, and 7 and 8, 10 through 13 hereinabove set forth.

15.    At all times herein mentioned, Plaintiff was the tenant and occupiers of the subject premises.

16.    On information and belief, on or about December 2 or 3, 2020, Defendants, and each of them, without right and without the consent of Plaintiff, caused fire to come upon the subject premises.

17.    As a direct and proximate result of the trespass of Defendants, and each of them, as aforesaid, Plaintiff sustained property damages in an amount in excess of $1,000,000.

## FOURTH CAUSE OF ACTION

### (Nuisance Against All Defendants)

18.    Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 5, and 7 and 8, 10 through 13, 15 through 17 hereinabove set forth.

19.    On or about December 2 or 3, 2020, Defendants, and each of them, performed certain activities on their premises in such a manner as to constitute a private nuisance as defined by Civil Code Sections 3479 through 3481 in that said activities resulted in a fire spreading to the subject premises.

20.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, and each of them, as aforesaid, Plaintiff sustained property damages in an amount in excess of $1,000,000.

WHEREFORE, this answering Defendant prays for judgment as follows:

A.    On the First, Second, Third and Fourth Causes of Action Against All Defendants:

1.    For general damages in an amount in excess of $1,000,000.

2.    Special damages according to proof.

3.    For interest at the legal rate according to proof.

4.    For the costs of suit herein incurred.

5.    For all further relief as the Court deems necessary and just.

DATED: April 26, 2021                    MAHONEY & SOLL LLP


By: _____
PAUL M. MAHONEY
Attorneys for Plaintiff, D&R WOODS
ENTERPRISE CORP., a California
Corporation